IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PRINCE OYEKAN,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>GOODWILL INDUSTRIES OF HOUSTON,<br><br>　　　　　Defendant. | Case No.: 4:25-cv-04297<br><br>**COMPLAINT AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Prince Oyekan (hereinafter the "Plaintiff"), by and through his attorneys, CONSUMER ATTORNEYS PLLC, hereby complains of the Defendant, Goodwill Industries of Houston (hereinafter the "Defendant"), upon information and belief, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this lawsuit seeking recovery against Defendants for their violations of the Family and Medical Leave Act, 29 U.S.C. §§ 2601, *et seq.* ("FMLA"); Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*; Texas Human Resources Code, Chapter 121 ("Rights of Persons with Disabilities"), Tex. Hum. Res. Code Ann. §§ 121.001 – 121.011 ("THCR"), and the Texas Labor Code, Chapter 21 (Texas Commission on Human Rights Act, or "TCHRA"), and Tex. Lab. Code Ann. §§21.001 - 21.556.

2. Plaintiff seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated against on the basis of his actual and/or perceived disability and race and national origin, retaliated against following his request for a reasonable accommodation, and because Defendants interfered with his right to job-protected leave to take care of his serious health condition.

1

3. Plaintiff has therefore commenced this action to recover lost wages and benefits she has been deprived of, plus interest (pre-judgment and post-judgment), compensatory and punitive damages, attorneys' fees and costs, disbursements, and expenses incurred in the prosecution of the action, and such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under numerous federal laws, including the FMLA (29 U.S.C § 2617) and the ADA (42 U.S.C. § 12188), because it involves federal questions regarding the deprivation of Plaintiff's rights under the FMLA and ADA.

5. This Court has supplemental jurisdiction over related state claims of the THCR and TCHRA against Defendant under 28 U.S.C. § 1367 because they arise out of the same common nucleus of operative facts related to the FMLA and ADA claims.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claim occurred within the Southern District of Texas.

## PROCEDURAL REQUIREMENTS

7. Plaintiff filed a charge of discrimination upon which this Complaint is based with the United States Equal Employment Opportunity Commission ("EEOC").

8. Plaintiff received a Notice of Right to Sue from the EEOC on August 11, 2025 with respect to the herein charges of discrimination and retaliation.

9. A copy of the Notice of Right to Sue is annexed hereto as **Exhibit "A."**

10. This Action is being commenced within ninety (90) days of receipt of said Right to Sue.

11. Plaintiff therefore exhausted his administrative remedies as is required by Title VII.

## PARTIES

12. At all relevant times, Plaintiff was and is a resident of the State of Texas, Harris County.

13. Upon Information and belief, Defendant is a domestic business corporation duly existing by the virtue and laws of the State of Texas, that does business in the State of Texas.

14. Upon information and belief, Defendant employs more than fifty (50) employees and is thus subject to all statutes upon which Plaintiff is proceeding herein.

15. At all relevant times, Plaintiff was an employee of Defendant at 10521 Katy Fwy., Houston, Texas 77024.

## STATEMENT OF FACTS

16. Plaintiff was employed at Defendant's City Centre location at 10521 Katy Fwy, Houston, Texas 77024, initially as a Donation Specialist, then as an Item Pricer from roughly December 20, 2023 to August 2, 2024.

17. At all relevant times, Plaintiff was a satisfactory employee and was qualified to perform the duties and functions of his employment. Initially, as a Donation Specialist, Plaintiff notified the Defendant before he was hired about nails in his feet and requested a reasonable accommodation to sit while working when his feet hurt him, which Defendant accommodated.

18. Later, and at all times relevant to this complaint, Plaintiff worked mostly in the electronics department sorting, pricing, and bringing electronics out to the floor in his role as an Item Pricer.

19. On or around December 27, 2023, Plaintiff was injured in a workplace accident.

20. A production manager employed by Defendant ran over Plaintiff's right foot with a forklift, causing serious injuries.

21. With Plaintiff's right foot broken, he was prevented from standing for long periods of time.

22. Plaintiff was unable to work for over two (2) months due to this workplace injury.

23. In or around late February 2024, Plaintiff returned to work.

24. Upon his return to work, Plaintiff provided Defendant with documentation indicating that he should be allowed to sit during his work shifts.

25. Despite his accommodation request being granted, Plaintiff was routinely subjected to harassment by Defendant's management regarding his accommodation.

26. While Plaintiff was on medical leave, Defendant hired Randy as an assistant manager.

27. Randy would regularly approach Plaintiff and take away his chair so that he could not sit. His conduct resulted in another injury to Plaintiff in or about February or March 2024, this time to his left foot, when a wood bed rolled into the back of Plaintiff's foot, exacerbating his serious health condition and disability.

28. Plaintiff spoke with Melanie, his manager, about Randy's behavior, but nothing was done to address or prevent his behavior.

29. Randy would try to force Plaintiff to do things that were against his restrictions.

30. When Plaintiff would not comply, Randy would threaten to write him up for insubordination or give him points so that Plaintiff would be terminated.

31. Under Defendant's points policy, should any employee receive a certain number of points during the course of their employment, standard procedure dictated that that employee would be terminated.

32. On or around March or April 2024, Plaintiff informed Melanie, the store manager, that he would be interested in transferring from the City Centre location.

33. Melanie submitted Plaintiff's transfer paperwork, though no additional steps were taken.

34. Throughout May and June 2024, Plaintiff continued to experience harassment and regular attempts were employed to force him to work against his restrictions.

35. Melanie was informed that Plaintiff could not be forced to work beyond his restrictions.

36. On or around the end of June 2024, Melanie left her position as store manager.

37. At the beginning of July 2024, Defendant hired Eisha as the new store manager, replacing Melanie.

38. Once Eisha was hired, Randy's harassment of Plaintiff steadily escalated, resulting in discriminatory behavior and insults aimed at Plaintiff's race and disability.

39. On or around July 12, 2024, Plaintiff approached Eisha in an effort to discuss his disability accommodation.

40. Instead of engaging in meaningful dialogue regarding Plaintiff's accommodation, Eisha walked away without further discussion.

41. On or around July 15, 2024, Plaintiff approached Randy in an effort to address the increasingly hostile work environment being created by Randy's repeated harassment. However, Randy refused to engage with Plaintiff and simply walked away.

42. As July continued on, Plaintiff became increasingly uncomfortable in Defendant's work environment.

43. On or around July 24, 2024, Plaintiff spoke with Human Resources Representative Tiffany Smith ("Smith") regarding the treatment he was being subjected to under Randy and Eisha.

44. During this meeting, Smith told Plaintiff that there was another position for which Claimant was qualified at one of Defendant's other locations in Houston and supported him.

45. Plaintiff agreed to the transfer and was informed that more information would be provided when it became available.

46. Plaintiff sent an email to Smith and Tanya, stating:

*Hey Tiffany, this is Prince Call me when your free I'm very upset. Randy has insulted me in a very disrespectful way once again. I have read the updated employee handbook, randy the supervisor at city Center has violated every right! After our conversation no action has been taken! I continue to be harassed! Please also send a documented receipt for our conversation 7/24/24.*

47. On July 31, 2024, Plaintiff sent an additional email to Smith regarding Randy's harassment, stating:

*Discrimination against me by Randy*
*-he called me a black monkey and referred to my hair as a highlighter*
*-he discriminated against my disability by not promoting me because he believed I should be working and not sitting down all day, despite my restrictions.*
*-he walked away from me while we were discussing my disability and restrictions, showing retaliation*
*Harassment:*
*-Randy joked and called me names in front of other coworkers.*
*Please provide me with a report of our conversation and address my grievance seriously. I hope you take my concerns seriously. I have sent several emails and have not heard anything back since our conversation last week Wednesday 07,24,2024!*

48. Shortly thereafter, Plaintiff's request to be transferred to Defendant's West Oaks location (2661 Hwy 6 South, Houston, TX 77082) was approved and Plaintiff was transferred.

6

49. Unfortunately, when Plaintiff arrived at the West Oaks location, Plaintiff was quickly made aware that his disability accommodation could not be accommodated in the role that was open at the location.

50. On or around August 3, 2024, Plaintiff sent Smith a letter resigning from Defendant's employ, stating:

> *Hello,*
> *Please accept this letter as my formal resignation from Goodwill. Regrettably, the work environment has become unsustainable for me due to ongoing concerns I have expressed on multiple occasions.*
> *I want to mention the race and disability discrimination I faced while working here. Especially I was harassed and discriminated against by the manager's assistant, Randy. Despite submitting paperwork to Goodwill indicating my disability restrictions, including not standing for long periods, Randy would come and take the chair away from me. I had to talk to the manager all the time to get my chair back because Randy would always take the chair away.*
> *Also, I was called a 'black little boy' and a 'black monkey' on multiple occasions by the same individual.*
> *Upon my transfer to the new store, the manager at the new location indicated they were misinformed about my availability and the nature of my restrictions, stating there was no suitable position available for me.*
> *Even though I requested a transfer, I experienced retaliation from Ms. Tiffany, who ignored all my emails and did not take me seriously. She transferred me to a location that negatively impacted my position and lied in the office on July 24, 2024, about a position that did not exist. She then failed to communicate with me despite my attempts to address her mistake.*
> *On Monday, around 4 PM, Ms. Monique contacted both Ms. Eishia and Ms. Tiffany while I was also calling them. They completely ignored me, leading me to refrain from reporting Randy's discriminatory and harassing behavior. It has now been 72 hours since I last heard from either Ms. Tiffany or Ms. Eishia. I also suspect that Ms. Tiffany had Ms. Eishia on the phone during our conversation in the office, as I noticed her phone on the desk, which made me feel that I could not trust her with my privacy.*
> *I have requested a grievance regarding this situation and a written report of our conversation on July 24, 2024. I am still waiting for a response to these requests.*
> *I don't think moving forward in this company at this time would be good for me, I have been now having depression and anxiety issues due to this hostile environment.*

51. Defendant did not engage, and has not engaged, Plaintiff in any meaningful discussion regarding a reasonable accommodation for Plaintiff that would enable him to continue his employment.

52. Rather than engaging in a meaningful interactive process, Defendant largely ignored Plaintiff's requests to openly communicate about the issues he was facing in the workplace.

53. At no time during Plaintiff's employment with Defendant did it ever issue the Plaintiff a warning or give negative feedback about his performance outside of Randy's harassment.

54. Therefore, the Defendant's reason for taking adverse action accommodation against the Plaintiff by transferring him to a store location that could, or would, not support his disability accommodation is proof that he was discriminated against because of his disability.

55. The Plaintiff has been unlawfully discriminated against on the basis of his actual and/or perceived disabilities.

56. In addition, Plaintiff was subjected to workplace harassment on the basis of his race.

57. Plaintiff reported Randy's racially discriminatory comments and actions to Defendant's Human Resources Department. Upon information and belief, no actions were taken against Randy in regards to his harassment of Plaintiff.

58. Defendant acted intentionally and intended to harm the Plaintiff.

59. Plaintiff steadfastly performed his job duties in a loyal, efficient, and reliable manner.

60. Plaintiff was and is disabled and has a serious health condition within the meaning of the FMLA, ADA, THCR and TCHRA and/or Defendant perceived Plaintiff to be disabled.

61. Plaintiff is a qualified individual by virtue of his prior experience acting as an item pricer who can perform the essential functions of his employment with or without a reasonable accommodation as defined by §12111(8) of the ADA.

62. At all times relevant, Plaintiff's disability was a physical impairment which substantially limits one or more major life activities within the meaning of § 12102(1)(A) of the ADA, including, but not limited to: walking, standing, thinking, concentrating, working, and interacting with others.

63. Defendant unlawfully discriminated against, humiliated, degraded, and belittled Plaintiff and retaliated against him for a reasonable accommodation as his right under the law.

64. The above are just some of the ways the Defendant discriminated and retaliated against the Plaintiff while employing him.

65. Plaintiff was offended, disturbed, and humiliated, by the blatantly unlawful, discriminatory, and retaliatory termination.

66. Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law given the existence of its employment law practice.

67. As a result of the acts and conduct complained of herein, the Plaintiff has suffered a loss of employment (due to his constructive discharge), income, other compensation which such employment entails, special damages, and great inconvenience.

68. The Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

69. As such, the Plaintiff demands punitive damages as against Defendant.

## AS A FIRST CAUSE OF ACTION FOR INTERFERENCE
## UNDER THE FAMILY AND MEDICAL LEAVE ACT

70. Plaintiff repeats, realleges and incorporates all previous paragraphs.

71. Plaintiff was eligible for the FMLA's protections and entitled to leave under the FMLA.

72. Defendant is covered by the FMLA.

73. Defendant interfered with Plaintiff's FMLA benefits to which he was entitled.

74. Defendant's interference has caused Plaintiff harm.

75. Defendant willfully and unlawfully interfered with, restrained, and/or denied Plaintiff's exercise of, or attempted exercise of, his rights under the FMLA, in violation of 29 U.S.C. § 2615(a)(l) and 29 CFR §825.220

76. Defendant violated the FMLA and several regulations promulgated under the FMLA, and pursuant to 29 CFR § 825.220, each such violation constitutes interfering with, restraining, and/or denying Plaintiff exercise of or attempted exercise of his rights under the FMLA.

77. Defendant's violations of the FMLA included, without limitation, discouraging and intimidating Plaintiff from using FMLA leave, pressuring and preventing Plaintiff from using his FMLA leave, denying Plaintiff the right to exercise his FMLA leave and treating Plaintiff differently than other similarly situated employees because of his requests for FMLA leave.

78. Defendant willfully and unlawfully discharged Plaintiff and interfered with Plaintiff's use of an entitlement to FMLA leave because he exercised or attempted to his rights under the FMLA, in violation of 29 U.S.C. § 2615(a) and 29 CFR § 825.220.

79. Defendant forced Plaintiff to resign from his employment in order to prevent him from exercising his rights provided by the FMLA.

80. The actions of Defendant were taken willfully and with intentional disregard of the rights of the Plaintiff under the FMLA.

81. Under the FMLA, Plaintiff is entitled to the reinstatement to his position.

82. As a result of the actions of Defendant as described above, Plaintiff has suffered compensatory damages, including but not limited to back pay, front pay, lost wages, lost medical coverage, lost retirement benefits, and other lost benefits of his employment.

83. The actions of Defendant as described above were not taken in good faith and were taken without reasonable grounds to believe they were not in violation of 29 U.S.C. § 2615, thereby entitling Plaintiff to recover from Defendant liquidated damages pursuant to 29 U.S.C. § 2617(a)(t)(A).

84. As a result of the actions of Defendant, Plaintiff is entitled to reasonable attorney's fees, reasonable expert witness fees, and other costs pursuant to 29 U.S.C. § 2617(a)(3).

## AS A SECOND CAUSE OF ACTION FOR RETALIATION
## UNDER THE FAMILY AND MEDICAL LEAVE ACT

85. Plaintiff repeats, realleges and incorporates all previous paragraphs.

86. Plaintiff exercised his FMLA rights by taking protected leave from his job due to a serious health condition arising from the work-related injury he sustained.

87. Plaintiff was qualified for his position and had performed his job duties effectively prior to the acts complained of here.

88. Following Plaintiff's request for FMLA leave and reasonable accommodation, Defendant engaged in adverse employment actions and disparate treatment.

89. Defendant's conduct constitutes unlawful retaliation against Plaintiff in violation of his rights under the FMLA, 29 U.S.C. § 2615(a).

90. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has suffered and continues to suffer substantial losses, including expenses related to additional medical treatment and past and future lost wages and benefits.

91. Plaintiff is also entitled liquidated damages and attorneys' fees and costs, and other damages as recoverable by law.

## AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT

92. Plaintiff repeats, realleges and incorporates all previous paragraphs.

93. Section 12112 of the ADA, titled "Discrimination," provides:

    a. General rule. - No covered entity shall discriminate against a qualified individual on the basis of **disability** in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

94. Defendant violated this section as set herein.

## AS A FOURTH CAUSE OF ACTION FOR RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT

95. Plaintiff repeats, realleges and incorporates all previous paragraphs.

96. The ADA prohibits retaliation, interference, coercion, or intimidation.

97. Section 12203 of the ADA provides:

    a. Retaliation. No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

    b.   Interference, coercion, or intimidation. It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

98. Defendant violated this section as set forth herein.

## AS A FIFTH CAUSE OF ACTION FOR RETALIATION UNDER THE TEXAS LABOR CODE

103. Plaintiff repeats, realleges and incorporates all previous paragraphs.

104. Defendant's conduct constitutes unlawful employment retaliation after Plaintiff asserted rights under the TCHRA, in violation of the Texas Labor Code (Tex. Lab. Code § 21.055).

105. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer lost wages and benefits, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, and is thus entitled to compensatory damages allowed under law.

106. Because Defendant acted with malice or reckless indifference to Plaintiff's rights, Plaintiff seeks exemplary damages under Tex. Lab. Code § 21.2585.

## AS A SXITH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE TEXAS LABOR CODE

103. Plaintiff repeats, realleges and incorporates all previous paragraphs.

104. Defendant's conduct constitutes unlawful employment discrimination based on disability in violation of the Texas Labor Code (Tex. Lab. Code § 21.051).

105. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer lost wages and benefits, emotional pain, suffering, inconvenience,

mental anguish, and loss of enjoyment of life, and is thus entitled to compensatory damages allowed under law.

106.  Because Defendant acted with malice or reckless indifference to Plaintiff's rights, Plaintiff seeks exemplary damages under Tex. Lab. Code § 21.2585.

### AS AN SEVENTH CAUSE OF ACTION FOR FAILURE TO ACCOMMODATE UNDER THE TEXAS LABOR CODE

103.  Plaintiff repeats, realleges and incorporates all previous paragraphs.

104.  Defendant failed to make reasonable accommodations for Plaintiff's known disability in violation of Tex. Lab. Code § 21.128.

105.  As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer lost wages and benefits, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, and is thus entitled to compensatory damages allowed under law.

106.  Because Defendant acted with malice or reckless indifference to Plaintiff's rights, Plaintiff seeks exemplary damages under Tex. Lab. Code § 21.2585.

### JURY DEMAND AND PRAYER FOR RELIEF

1. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendant:

A. Declaring that Defendant engaged in unlawful employment practices prohibited by the FMLA, ADA, THCR and TCHRA, in that Defendant discriminated and retaliated against Plaintiff on the basis of his actual and/or perceived disability and of his race and national origin, and requesting an accommodation.

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendant's unlawful discrimination and retaliation and to otherwise make him whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

Dated: September 10, 2025                                Respectfully submitted,

**CONSUMER ATTORNEYS, PLLC**

*/s/ Nisan Zaghi*
Nisan Zaghi
CONSUMER ATTORNEYS
State Bar No. NY5711072
SDTX Bar No. 3930356
68-29 Main Street
Flushing NY 11367
T: (718) 925-0276
F: (718) 247-8020
E: nzaghi@consumerattorneys.com

Emanuel Kataev, Esq.
*Pro Hac Vice Application Forthcoming*
6829 Main Street
Flushing NY 11367-1305
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
ekataev@consumerattorneys.com

*Attorneys for Plaintiff*
*Prince Oyekan*

15