IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PRINCE OYEKAN, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:25-cv-04297 |
| § | |
| GOODWILL INDUSTRIES OF § | |
| HOUSTON, § | |
| § | |
| Defendant. § | |

**DEFENDANT'S MOTION TO DISMISS THE COMPLAINT OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT UNDER RULE 12(e)**

Defendant Goodwill Industries of Houston, Inc. ("Goodwill"), by and through its attorneys, hereby files its Motion to Dismiss the Complaint under Rule 12(b)(6) or, in the Alternative, Motion for More Definite Statement Under Rule 12(e), and would respectfully show the Court as follows:

**I. SUMMARY**

1. Dismissal of Prince Oyekan's claims under the Family and Medical Leave Act ("FMLA") is warranted because he has not only failed to plead any facts to substantiate his claims, he has pled facts that affirmatively establish he was not an FMLA qualified employee. Further, Plaintiff's disability and race-based claims should be dismissed because Plaintiff failed to exhaust his administrative remedies by failing to assert any facts within the EEOC charge of discrimination. Oyekan should not be allowed to extend his claims beyond his charge. To the extent the lack of factual particulars as to race and

1

disability somehow satisfies the exhaustion of administrative remedies and allows him to proceed in this Court, Plaintiff should be required to provide a more definite statement as to the nature of his alleged disability, including when such disability arose, how he was allegedly discriminated against, by whom and when. Further, Plaintiff should be required to plead details as to his race claim, including identifying a comparator and adverse action because of his race.

2. Any request to amend his Complaint would be futile as to Plaintiff's FMLA claims because Plaintiff's employment dates will not change as a result of amendment. Moreover, because Oyekan's lawsuit should be limited to the allegations that he identified in his EEOC Charge of Discrimination ("Charge") and on which he exhausted administrative remedies, amendment will not save his remaining claims. As detailed below, the Charge allegations provide no particulars and only include a conclusory sentence ("Claimant Prince Oyekan is seeking damages to redress the injuries Claimant has suffered as a result of being discriminated against by his employer on the basis of his actual and/or perceived disability, as well as his race."). Further, the EEOC makes <u>no</u> reference to alleged race discrimination.

3. As to any allegations outside of the charge, Oyekan cannot bring those until he exhausts his administrative remedies for such claims, establishes they are timely, and that the same result in some adverse employment action against him.

4. Absent a timely and actionable claim for which Oyekan has exhausted his administrative remedies, dismissal of Oyekan's Complaint is warranted.

## II. FACTUAL BACKGROUND

5. Plaintiff began work for Goodwill on December 20, 2023 and ceased working for Goodwill on August 2, 2024. See Complaint (DKT 1, Paragraph 16) at 17.[1]

6. On May 29, 2025, Plaintiff filed his Charge of Discrimination. See **Exhibit 1**, Charge. As reflected in the Charge, the EEOC noted that Plaintiff only sought administrative relief as to an alleged disability. Plaintiff's particulars in the Charge include only a single conclusory sentence and fail to allege any facts to establish race discrimination or set for any particulars that could establish or raise any inference that Plaintiff's charge related to race discrimination. Further, even as to disability, while the EEOC noted that as the basis of the Charge, there are no facts.

## III. STANDARD OF REVIEW

7. A motion to dismiss under FRCP 12(b)(6) should be granted if the claimant has failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering defendant's motion, the court must construe the facts in the light most favorable to the plaintiff. *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009). All allegations in the complaint are taken as true, and the plaintiff is entitled to all reasonable inferences that may be drawn from the complaint. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

8. Under FRCP 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint, or a cause of action

---

[1] In his charge, Oyekan fails to identify a disability and also fails to state his race. Oyekan fails to identify how any adverse action was based on his disability and likewise fails to identify how any adverse action taken against him was based on his race.

stated therein, cannot survive a motion to dismiss without some factual context sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Ibqual*, 556 U.S. 662, 129 S. Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S. Ct. 1955 (2007)). The court is not required to accept as true conclusory allegations without supporting facts. *Id.* A "complaint does not suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* at 678 (quoting *Twombly*). Furthermore, a complaint that "offers only 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

9. "A claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level … on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

10. The *Twombly-Iqbal* standard requires a two-pronged approach to determine whether a claim has facial plausibility. *Iqbal*, 556 U.S. at 678-89. The Court must first distinguish the legal conclusions from the factual allegations. *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements will not suffice." *Id.* Second, the Court determines whether the factual allegations allege a plausible claim. *Id.*

11. In determining plausibility of a claim, the Court will keep in mind that where "well-pleaded facts do not permit the Court to infer more than the mere possibility of

misconduct, the complaint has alleged – but not 'show[n]' – the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (citing FRCP 8(a)(2)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. Therefore, "… a Court considering a motion to dismiss, can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679.

12.     Dismissal under FRCP 12(b)(6) is proper as to a cause of action when the Plaintiff's allegations in the Complaint lacks an element necessary to obtain relief. *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995).

## IV.  ARGUMENT & AUTHORITY

**A.     Oyekan's Factual Allegations Plead Himself Out of an FMLA Claim.**

**1.     Plaintiff Was Not an "Eligible Employee" Under the FMLA.**

13.     The FMLA covers only "eligible employees." 29 U.S.C. § 2611(2)(A). An "eligible employee" must satisfy **both**:

    a.  **at least 12 months of employment with the employer**, and
    b.  **at least 1,250 hours of service during the previous 12-month period**.

29 U.S.C. § 2611(2)(A)(i)–(ii).

14.     Plaintiff alleges that he began employment on December 20, 2023 and that he ended his employment on August 2, 2024. (DKT 1, Paragraph 16). At no time within his employment with Goodwill had Plaintiff worked the required twelve (12) months mandated by the FMLA. Because Plaintiff had worked **less** than 12-months, Plaintiff cannot qualify as an "eligible employee" for FMLA purposes.

5

### 2. Plaintiff Cannot State a Claim for FMLA Interference.

15. Oyekan's First Cause of Action is for Interference Under the Family and Medical Leave Act. To state an FMLA interference claim, Oyekan must allege that he was an **eligible employee** entitled to FMLA benefits. *Castay v. Ochsner Clinic Found.*, 604 Fed. Appx. 355 (5th Cir. 2015); *Jackson v. St. Charles Parish Hous. Auth. Bd. Of Comm'rs*, 441 F. Supp 3d 341 (E. D. La. Feb 21 2020); *Owens v. Pharmasource, Inc.*, 2025 U.S. Dist. LEXIS 149817 (M.D. PA, Aug 5 2025); *Morrill v. Baker Consulting & Eng'g, LLC*, 2025 U.S. Dist. LEXIS 208324 (M.D. FL, Oct 22 2025).

16. Plaintiff's allegations negate this requirement; therefore, Oyekan's first cause of action must be dismissed.

### 3. Plaintiff Cannot State a Claim for FMLA Retaliation or Discrimination

17. In his Second Cause of Action, Oyekan alleges FMLA retaliation. This claim must be dismissed as well. A claim for FMLA retaliation requires that Plaintiff engage in protected activity, which exists only when the employee is FMLA-eligible. *Acker v. Gen. Motors, L.L.C.*, 853 F.3d 784, 790–91 (5th Cir. 2017).

18. Because Oyekan was never an FMLA qualified employee, he did not engage in the required protected FMLA activity necessary to state a claim for FMLA retaliation. As such, Plaintiff's Second Cause of Action must be dismissed. *Castay v. Ochsner Clinic Found.*, 604 Fed. Appx. 355 (5th Cir. 2015); *Jackson v. St. Charles Parish Hous. Auth. Bd. Of Comm'rs*, 441 F. Supp 3d 341 (E. D. La. Feb 21 2020).

B.  **Allegations (and the Causes of Action based thereon), on which no facts were stated as discrimination identified in the charge, should be dismissed because Oyekan failed to exhaust his administrative remedies for such claim.**

19. Courts "will not consider claims that were not asserted before the EEOC or that do not fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination" because the administrative remedy for such claims has not been exhausted. *Mason v. RBC Capital Mkts., LLC*, No. 4:22-cv-3454, , 2024 U.S. Dist. LEXIS 75826, at *8 citing to *Chhim v. Univ. of Tex. At Austin*, 836 F. 3d 467, 472 (5th Cir. 2016).

20. In his charge of discrimination, Oyekan sets forth no particulars and only "marks" a claim of disability discrimination. Oyekan could have easily "checked the box" for race as well. Since he plead no particulars as to race or disability, both such claims fall outside of the scope of the EEOC's ability to investigate and must be dismissed. All of Plaintiff's claims of discrimination or retaliation allegedly based on disability or race must be dismissed. *Williams v. Richardson ISD*, 2025 U.S. Dist. LEXIS 172471 (N. D. Tex. Aug 12 2025)("While a Court may look at the substance and past the four-corners of the charge, *Pacheco*, 448 F 3d at 789, "[t]o determine whether a claim is within the scope of the reasonable EEOC investigation, the Court must look to the factual statements in the EEOC charge." Citing *Cutrer v. Tarrant Cty. Workforce Dev. Bd.*, No. 4:18-CV-00159-0, 2020 U.S. Dist. LEXIS 182964, 2020 WL 5878458, at *6 (N.D. Tex. Oct 2, 2020)(citing *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 462 (5th Cir. 1970) ("The crucial element of a charge of discrimination is the factual statement contained [in the EEOC charge].") "The allegations contained within the EEOC Charge do not have to exhaustively list every

7

factual detail or possible claim that Plaintiff may bring against Defendant; they [*29] only have to be sufficient to put an investigator on notice of [his] claims." *Shelton v. Parkland Health*, No. 3:24-CV-2190-L-BW, 2025 U.S. Dist. LEXIS 100740, 2025 WL 1513441, at *10 (N.D. Tex. May 28, 2025) (citing *Manning v. Chevron Chem. Co., LLC.*, 332 F.3d 874, 879 (5th Cir. 2003)).

21.     The *Williams* opinion went further to state that "Although failing to check a box on the EEOC charge is not fatal to a retaliation claim, '[d]iscrimination and retaliation claims are distinct,' and a court may find that a plaintiff did not exhaust administrative remedies when 'the factual statement in [the plaintiff's] EEOC charge did not put [the defendant] on notice that [the plaintiff] was asserting a retaliation claim. Citing *Frazier v. Sabine River Auth. La.*, 509 F. App'x 370, 274 (5th Cir.2013). Similarly, merely checking the box for retaliation on the EEOC charge is not sufficient if the plaintiff fails to allege any facts concerning retaliation that would have put the EEOC on notice about the possibility of a retaliation claim. See *Givs v. City of Eunice*, 512 F. Supp 2d 522, 536-37 (W.D. La 2007) (citing *Randel v. U.S. Dep't of Navy*, 157 F. 3d 392, 395 (5th Cir. 1998))". The *Williams* Court went further to state that "Another court in this district found that a plaintiff failed to exhaust administrative remedies for disability discrimination because she 'summarily state[d] that she believed that she was discriminated against based on disability in violation of the ADA,' without providing facts supporting a claim of disability discrimination in either her EEOC charge or her complaint with the court." Citing *Jones v. City of Dallas*, No. 3:22-cv-1477-L, 2024 U.S. Dist. LEXIS 116130. 2024 WL 3207030, at *6 (N.D. Tex. June 6, 2024), adopted, 2024 U.S. Dist. LEXIS 140107, 2024 WL

3718064 (N.D. Tex. Aug. 7, 2024). Much like *Williams*, Oyekan's charge did not contain factual allegations but a single conclusory statement.

22. The claims based on disability and race must be dismissed because Plaintiff failed to exhaust his administrative remedies.

### IV.     MOTION FOR MORE DEFINITE STATEMENT

23. "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "Such motions should be granted when a Complaint is so vague and ambiguous that a defendant is prejudiced in its attempt to answer. Williams v. Trans Union, LLC, No. 4:21-CV-2199, 2021 WL 5334381, 2021 U.S. Dist. Lexis 223034 at *3-4 (S.D. Tex. Oct. 29, 2021) (Bryan, j).

24. In this case, as detailed above, the claims made in Oyekan's charge of discrimination fail as a matter of law. Any allegations outside of the charge are not actionable because Oyekan has not exhausted his administrative remedy for such claims. Absent a viable claim of discrimination set forth in the charge such that Oyekan could amend his Complaint to survive dismissal, providing an opportunity to replead would be futile. Nonetheless, if the Court so chooses, Oyekan should be required to replead his Complaint to comply with Rule 98 and identify his discrimination allegations so that Defendant may properly respond. As such, in the alternative, Goodwill asks the Court to require Oyekan to replead any surviving claims pursuant to Rule 12(e).

25. Accordingly, the Court should dismiss Plaintiff's Third, Fourth, Fifth Sixth and Seventh causes of action.

## PRAYER

Based on the foregoing, the Court should grant the Partial Motion to Dismiss the Complaint (DKT No. 1) or, in the alternative, grant a Motion for More Definite Statement and grant all relief to which it is entitled.

DATED:  December 1, 2025.

Respectfully submitted,

BY: _____
E. Michelle Bohreer
Federal Bar No. 12074
State Bar No. 06717100
BOHREER LAW FIRM PLLC
777 Post Oak Blvd, Suite 950
Houston, Texas 77056
832-856-3006 (Telephone)
832-856-2891 (Facsimile)
michelle@bohreerlaw.com
**ATTORNEY IN CHARGE FOR DEFENDANT, GOODWILL INDUSTRIES OF HOUSTON, INC.**

OF COUNSEL:

Pritesh Soni
Federal Bar No. 1097849
Texas Bar No. 24063926
BOHREER LAW FIRM PLLC
777 Post Oak Blvd., Suite 950
Houston, Texas 77056
832-856-3006 (Telephone)
832-856-2891 (Facsimile)
pritesh@bohreerlaw.com
**ATTORNEYS FOR DEFENDANT GOODWILL INDUSTRIES OF HOUSTON, INC.**

## CERTIFICATE OF SERVICE

  I hereby certify that on this **1st** day of **December 2025**, a true copy of the foregoing **MOTION TO DISMISS THE COMPLAINT, OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT** was filed with the Clerk of Court using the CM/ECF System, which will send notification of such filing to all counsel of record. The duly signed original is on file at the office of Bohreer Law Firm PLLC.

E. Michelle Bohreer