# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| PRINCE OYEKAN,<br><br>    Plaintiff,<br><br>vs.<br><br>GOODWILL INDUSTRIES OF HOUSTON,<br><br>    Defendant. | Case No.: 4:25-cv-4297 (KPE) (DHP)<br><br>**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE** |

**1.     State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

Pursuant to Federal Rule of Civil Procedure 26(f), Plaintiff Prince Oyekan ("Plaintiff") and Defendant Goodwill Industries of Houston ("Defendant"), by and through their undersigned counsel, submit the following Joint Rule 26(f) Report:

Counsel for the Parties conferred by virtual conference on Thursday, December 11, 2025. Emanuel Kataev, Esq., counsel for Plaintiff, and E. Michelle Bohreer, Esq., counsel for Defendant, participated in the conference.

**2.     List the cases related to this one that are pending in any state or federal court with the case number and court.**

None.

**3.     Briefly describe what this case is about.**

**Plaintiff:**   Plaintiff was employed by Defendant at its City Centre location as an Item Pricer from approximately December 20, 2023, until August 2, 2024. Plaintiff satisfactorily performed his duties, primarily in the electronics department. On or about December 27,

2023, Plaintiff sustained serious injuries when a production manager ran over his feet with a forklift, resulting in bilateral fractures and more than two months of medical leave. Upon returning to work in February 2024, Plaintiff provided medical documentation requiring that he be permitted to sit during shifts. Although Defendant initially approved this accommodation, Plaintiff was subjected to repeated harassment from Assistant Manager Randy, who routinely removed his chair, attempted to compel work beyond medical restrictions, and threatened disciplinary action.

Despite Plaintiff's complaints to management, including Store Manager Melanie and later to Human Resources, Defendant took no corrective action. Following the arrival of a new store manager in July 2024, Randy's misconduct escalated, including racial epithets, mockery, and discriminatory comments regarding Plaintiff's disability. Plaintiff repeatedly reported these incidents, yet Human Resources failed to intervene. Defendant subsequently approved Plaintiff's request for transfer; however, the receiving location could not honor his disability accommodation. Having been subjected to ongoing racial and disability-based harassment, retaliation, and a failure to engage in the interactive process under the ADA, Plaintiff was effectively forced to resign on August 3, 2024.

Plaintiff's employment record reflects no legitimate performance issues. Defendant's conduct—including ignoring accommodation requests, tolerating racial harassment, and transferring Plaintiff to a position incompatible with his restrictions—constitutes discrimination, retaliation, and constructive discharge in violation of the ADA, FMLA, and applicable Texas law. Plaintiff has suffered loss of employment, income,

2

emotional distress, and other pecuniary and non-pecuniary damages and seeks all available relief, including punitive damages.

**Defendant**: Defendant contends Plaintiff has failed to exhaust his administrative remedies as to his claims under ADA, ADAAA, and Title VII. Moreover, Defendant contends that Plaintiff only suffered a temporary impairment resulting from a workplace accident and does not have a disability nor was he regarded as disabled. Finally, Plaintiff is not an eligible employee as defined by the FMLA.

Factually, Plaintiff suffered no adverse action. Plaintiff made the decision to quit his job at Goodwill and did not allow Goodwill any opportunity to address any complaints of Plaintiff as to his working conditions at his requested new store location. Defendant contends Plaintiff suffered no discrimination or harassment while working for Goodwill. Plaintiff worked for Defendant less than a year. Almost immediately after Plaintiff began work, Plaintiff was injured in a workplace accident and, as a result, did not work for 2-months. Upon Plaintiff's return to work, Plaintiff provided Goodwill a statement of restrictions, which Goodwill followed. Many times, Goodwill supervisors observed Plaintiff performing tasks that were outside of his restrictions. Goodwill questioned Plaintiff about working outside his restrictions, which caused Plaintiff to be upset with the Goodwill managers in the store, ultimately leading to Plaintiff requesting a transfer. Goodwill denies any use of racial epitaphs or demanding that Plaintiff work outside his restrictions.

Plaintiff never took FMLA leave or asked to take FMLA leave. Plaintiff was not eligible for FMLA leave during the entirety of his employment. Plaintiff was out on leave arising from his workers compensation-based injury but such leave was not governed by FMLA.

Defendant contends Plaintiff's claims should be dismissed.

4. **Specify the allegation of federal jurisdiction.**

This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under numerous federal laws, including the FMLA (29 U.S.C § 2617) and the ADA (42 U.S.C. § 12188), because it involves federal questions regarding the deprivation of Plaintiff 's rights under the FMLA and ADA.

This Court has supplemental jurisdiction over related state claims of the THCR and TCHRA against Defendant under 28 U.S.C. § 1367 because they arise out of the same common nucleus of operative facts related to the FMLA and ADA claims.

5. **Name the parties who disagree and the reasons.**

   Plaintiff:   None

   Defendant:   Though the Court has jurisdiction, Defendant contends the case should be dismissed for failure to exhaust administrative remedies for the ADA and Title VII claims. Further, Plaintiff is not an FMLA qualified employee. Defendant's challenges are included in its Motion to Dismiss (DKT 14)

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   Plaintiff:   None, subject to discovery.

Defendant:   None.

7. **List anticipated interventions.**

   Plaintiff:   None

   Defendant:   None.

8. **Describe class-action issues.**   N/A

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The parties agree that there should be no changes made in the timing, form, or requirement for disclosures under Rule 26(a). The deadline for the parties to exchange Initial Disclosures is:   January 15, 2026

10. **Describe the proposed agreed discovery plan, including**:

    A. **Responses to all the matters raised in Rule 26(f):**

    (A) At this time, except for the due date for the initial disclosures, the Parties anticipate requesting no changes to the form or requirements under Rule 26(a).

    (B) The Parties anticipate discovery will be necessary on the claims of the Plaintiff and the defenses raised by Defendant.

    (C) General ESI production requests under Rules 34 and 45 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), or compliance with a mandatory disclosure requirement of the Court, shall be in .pdf format and shall not include the production of natives or metadata. The Parties agree that any ESI production requests for natives and metadata must be made specifically in the respective request at issue. A party that receives a document may make a reasonable request to receive a document produced by a party in its native format. Upon receipt of such a request, the Parties will confer about the need for the document to be produced in native format. If the Parties are in agreement, then the producing party shall produce the document in its native format. If not, the party seeking

     the native document may seek court intervention as necessary.

  (D) As necessary, the Parties will negotiate and present to the Court an Agreed and Stipulated Protective Order that addresses issues regarding the production of confidential business information or other proprietary information. In addition, the above section regarding ESI includes an agreement under Rule 502(d) of the Federal Rules of Evidence.

  (E) At this time, the Parties anticipate requesting no changes to the limitations on discovery imposed by the Rules, or by local rule.

  (F) The Parties are not requesting additional orders at this time.

B. **When and to whom the plaintiff anticipates it may send interrogatories.:**

  Plaintiff will serve interrogatories to Defendant within the discovery period.

C. **When and to whom the defendant anticipates it may send interrogatories.**

  Defendant Goodwill Industries of Houston will send interrogatories to Plaintiff within the discovery period.

D. **Of whom and by when the plaintiff anticipates taking oral depositions.**

  Plaintiff will notice at least one (1) deposition of Defendant pursuant to Rule 30(b)(6) and any other fact witness with knowledge of the events complained of within the discovery period.

E. **Of whom and by when the defendant anticipates taking oral depositions.**

  Defendant Goodwill Industries of Houston will take the depositions of the Plaintiff and any other fact or expert witness designated by any party to this suit within the discovery period.

F. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

6

Plaintiff: N/A – Plaintiff does not anticipate designating an expert at this time, and reserves the right to do so within the confines of the Rules.

Defendant: Thirty (30) days after designation of experts by Plaintiff and receipt of Plaintiff's expert reports.

G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

N/A

H. **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report)**.

Please see Defendant's response to subpart e., *supra*.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The parties agree.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

Plaintiff: None.

Defendant: None.

13. **State the date the planned discovery can reasonably be completed**.

Friday, July 31, 2026

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

Plaintiff: Plaintiff will submit a settlement demand together with his Rule 26 disclosures.

7

      Defendant:   Defendant will respond to the settlement demand within fourteen (14) days.

      The parties agree to discuss the prospect of mediation and/or a settlement conference thereafter.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    Plaintiff:   Plaintiff respectfully refers the Court to the response above in § 14.

    Defendant:   Defendant filed a motion to dismiss because the Plaintiff has failed to state a claim and failed to exhaust his administrative remedies. Granting of this motion in whole or in part would either dispose of the case or at least narrow the issues.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    Mediation and, failing same, a settlement conference before the Hon. Dena Hanovice Palermo, U.S.M.J.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The parties do not consent.

18. **State whether a jury demand has been made and if it was made on time.**

    Plaintiff:   Yes.

    Defendant:   Not yet.

19. **Specify the number of hours it will take to present the evidence in this case.**

    The parties approximate between thirty-six (36) to forty-eight (48) hours.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    Although the parties agree that Defendant's Motion to Dismiss the Complaint or, Alternatively, Motion for More Definite Statement Under Rule 12(e) could have

been ruled on at the initial pretrial and scheduling conference, Defendant has consented to Plaintiff's request for an extension of time of two (2) weeks to oppose its motion, thereby extending the deadline to oppose from Monday, December 15, 2025 to Monday, December 29, 2025, and Defendant's deadline to file reply papers in further support of its motion will be extended from Monday, December 22, 2025 to Thursday, January 15, 2026.

**21. List other motions pending.**

None.

**22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference**.

None.

**23. Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

Discovery may encompass electronically stored information ("ESI"). The parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. Each party shall conduct diligent searches of all reasonably accessible sources which it has reason to believe may contain ESI responsive to the opposing party's discovery requests. The parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable.  The parties have discussed the production of ESI and have not agreed on a specific limit of the scope of production. Should any dispute concerning ESI arise during the pendency of this matter, the parties have agreed to meet and confer before seeking intervention from the Court.

The parties will produce ESI in unitized, fixed image format (e.g., .pdf or .tif) with accompanying text. Plaintiff wishes to reserve the right to redact from his ESI individually

9

identifiable medical or health related information, the production of which may be governed or limited by federal or state statute.

The parties do not anticipate any issue regarding electronically stored information. Plaintiff and Defendant shall serve any Requests for Production pursuant to Rule 34. Plaintiff and Defendant shall respond in good faith, producing such hard copy and electronic documents as it locates through a reasonable search. If after a reasonable review of the production, Plaintiff or Defendant determine, in good faith, that additional information is needed, the parties will discuss the specific information sought and attempt to reach agreement on a search method to determine if the information sought can be located or confirmed not to exist. If the parties cannot reach an agreement, Plaintiff or Defendant may raise the issue with the Court through a request for discovery conference, a motion to compel, or a motion for protective order.

The parties agree that if a receiving party believes that privileged or protected material may have been inadvertently disclosed or produced, said party will advise the producing party and proceed as required if such party asserts inadvertent disclosure. The parties agree that the recall, sequester, or return of any privileged or protected material is without waiver of the right to contest the claim of privilege or protection. The parties agree the mere fact of an inadvertent disclosure is not sufficient to waive any claim of privilege or protection. Before any party makes a motion to compel or challenges the claim of privilege, protection, or inadvertence of production or disclosure, the parties shall meet and confer regarding the challenge and attempt to find a way to resolve the dispute. The parties intend for their agreement to be considered an order pursuant to Rule 502(d) of the Federal

Rules of Evidence. The parties agree that the standard under Rule 502(b) applies to resolve any dispute about the inadvertence of a production or disclosure.

**24.     Electronic service:**

The parties agree that pursuant to Rules 5(b)(2)(E) and 6(d) any pleadings or other papers may be served by sending such documents by email to the email address(es) listed below (or any updated email address provided to all counsel of record). The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

| **Party** | **Email Service Address(es)** |
|---|---|
| Plaintiff Prince Oyekan | Emanuel Kataev (ekataev@consumerattorneys.com) Nisan Zaghi (nzaghi@consumerattorneys.com) Mia Kristensen (mkristensen@consumerattorneys.com) Irina Iakovleva (iiakovleva@consumerattorneys.com) |
| Defendant Goodwill Industries of Houston | E. Michelle Bohreer (michelle@bohreerlaw.com) Pritesh Soni (pritesh@bohreerlaw.com) Sharon Taylor (sharont@bohreerlaw.com) E-service: e-service@bohreerlaw.com |

Dated: December 12, 2025

| | |
|---|---|
| **CONSUMER ATTORNEYS, PLLC** | **BOHREER LAW FIRM PLLC** |
| */s/ Emanuel Kataev, Esq* | */s/ E. Michelle Bohreer* |
| Emanuel Kataev, Esq. | E. Michelle Bohreer |
| Pro Hac Vice Admitted | Federal Bar No. 12074 |
| 6829 Main Street | State Bar No. 06717100 |
| Flushing NY 11367-1305 | Pritesh Soni |
| (718) 412-2421 (office) | Federal Bar No. 1097849 |
| (718) 489-4155 (facsimile) | Texas Bar No. 24063926 |
| ekataev@consumerattorneys.com | 777 Post Oak Blvd, Suite 950 |
| | Houston, Texas 77056 |
| Nisan Zaghi | 832-856-3006 (Telephone) |
| CONSUMER ATTORNEYS | 832-856-2891 (Facsimile) |
| State Bar No. NY5711072 | Email: michelle@bohreerlaw.com |
| SDTX Bar No. 3930356 | pritesh@bohreerlaw.com |
| 68-29 Main Street | E-service: e-service@bohreerlaw.com |
| Flushing NY 11367 | |
| T: (718) 925-0276 | *Attorney for Defendant, Goodwill* |
| F: (718) 247-8020 | *Industries of Houston, Inc.* |
| E: nzaghi@consumerattorneys.com | |

*Attorneys for Plaintiff*
*Prince Oyekan*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 12, 2025, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter.

*/s/ Emanuel Kataev, Esq*
Emanuel Kataev, Esq.
